RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 9/12/07
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GENE O. POLK<br>    Fed. Reg. No. 20151039<br>VS.<br><br>FREDRICK MENIFEE, WARDEN | CIVIL ACTION NO. 07-1309<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on July 23, 2007 by *pro se* petitioner Gene O. Polk. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving multiple life sentences following his 1995 convictions in the United States District Court for the Eastern District of Michigan on charges of intentional killing and other drug-related offenses. Petitioner filed his original petition for *habeas corpus* in that court on July 23, 2007; on August 3, 2007 the petition was transferred to this court. [doc. 2-1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

Petitioner was convicted of various drug-related offenses on December 12, 1995 following trial by jury in the United States District Court for the Eastern District of Michigan. He was sentenced to concurrent sentences of life plus forty-five years. See United States of America v. Gene Polk, No. 2:92-cr-81127. His conviction and sentence were affirmed in an unpublished opinion of the Sixth Circuit Court of Appeals. United States of America v. Gene Polk, 182 F.3d 919, 1999 WL 397922 (6th Cir. 1999). On April 17, 2000 the United States Supreme Court denied his application for *certiorari*. Gene Polk v. United States of America, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000).

On February 15, 2001 petitioner filed a Motion to Vacate in the United States District Court for the Eastern District of Michigan. United States of America v. Gene Polk, No. 2:92-cr-81127 at doc. 1780. His Motion to Vacate was denied on July 10, 2001. *Id.* at docs. 1834, 1835. His Motion for Certificate of Appealability (COA) was denied on September 25, 2001. *Id.* at doc. 1861. On June 6, 2002 the United States Sixth Circuit Court of Appeals denied the appeal. Gene Polk v. United States of America, No. 01-2309 (6th Cir.)(unpublished).

In October 2003 petitioner filed a petition for authorization to file a second and successive §2255 Motion to Vacate in the Sixth Circuit. On March 26, 2004 his petition was

denied. In re: Gene O. Polk, 03-2286 (6th Cir.)(unpublished).

On December 7, 2004 petitioner filed a petition for writ of *habeas corpus* in the United States District Court for the Middle District of Florida. On October 25, 2006 his petition was dismissed. Gene O. Polk v. Stan Yates, Warden, No. 5:04-cv-548 (M.D.Fla.).[1]

As stated above, petitioner filed the instant petition for writ of *habeas corpus* in July 2007. Petitioner again relies on Ring v. Arizona, 536 U.S. 584 (2002)as an "intervening change in law" which entitles him to proceed herein *via* 28 U.S.C. §2241. [doc. 1-1][2]

## LAW AND ANALYSIS

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden,

---

[1] Among other things, petitioner claimed that he was entitled to proceed under the "savings clause" of §2255 because "... the intervening change in law in Ring v. Arizona ... makes petitioner's initial 2255 motion ruling in 2001 inadequate and makes 2255 now ineffective because the 'Ring Claims' do not meet the requirement of AEDPA ..." [*Id.*, doc. 1, paragraph 12]

[2] Petitioner implies that the death sentence was imposed in violation of Ring, *supra*, however, as shown above, petitioner is not under a death sentence.

3

Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a <u>retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense</u>, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his convictions and the

4

sentences imposed. Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore, as shown above, he may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention."

Petitioner implies that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), is a retroactively applicable Supreme Court decision which establish that he "... is factually and legally innocent..." [doc. 1-1, p. 11] His reliance on Ring is misplaced. In Ring, the Court held that an Arizona statute that permitted the trial judge and not the jury to determine the presence or absence of the aggravating factors required by Arizona law for the imposition of the death penalty violated the Sixth Amendment's right to trial by jury in capital prosecutions. Petitioner was not sentenced to death and therefore, it is unclear how or why petitioner relies on Ring. Nevertheless, the Supreme Court has specifically held that Ring does not apply retroactively to cases already final on direct review. Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004).[3]

---

[3] Petitioner also implies that he may rely on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) to establish his innocence and thus proceed pursuant to §2255's "savings clause." [doc. 1-1, p. 12] To the extent that petitioner seeks to rely on Apprendi, his reliance is again misplaced. In Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343 (5 Cir.2000) the Fifth Circuit held that Apprendi does not apply retroactively to cases on collateral review and an Apprendi claim does not satisfy the requirements for filing a *habeas* petition under the savings clause of § 2255.

5

Since petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense his *habeas corpus* petition must be dismissed for lack of jurisdiction. See <u>Tran v. Conner</u>, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415

(5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _Sept. 12_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE